[No. 3882.   Decided July 11, 1901.]

EMMA SCOTT *et al., Appellants,* v. EMMA MATHEWS, *Appellant.*

Where an intestate died leaving children by two marriages and their mothers surviving him, and where one of the daughters under the first marriage filed a petition by an attorney in fact in the court charged with the distribution of the estate denying both that her sister is a daughter or heir of the deceased, and that their mother is the widow of deceased, and also filed another petition by her attorney alleging that her sister is a legitimate daughter of deceased, and that since the birth of herself and sister her father and mother were duly divorced, and asking that the estate be distributed to herself and sister equally; and where a stipulation was filed in the cause agreeing to the distribution of the estate to the widow by the first marriage and to each of the children under the two marriages, such daughter is estopped from questioning the legitimacy of the children by the second marriage, though she may not have been a party to the stipulation, when she was represented in court and raised no objection thereto while the court and all the other parties were acting thereon for a period of nearly two years prior to the distribution by the court in accordance therewith.

Appeal from Superior Court, Columbia County.—Hon. MELVIN M. GODMAN, Judge.   Affirmed.

*Sturdevant & Brown* and *Edmiston & Miller,* for plaintiffs.

*Will H. Fouts,* for defendant.

The opinion of the court was delivered by

DUNBAR, J.—It is somewhat difficult to get a concise statement of this case from either the briefs or the record,

but, as near as we have been able to ascertain, Thomas A. Wilkes, in 1860, in the state of Illinois, married Harriet A. Goodfellow, by whom he had two children, viz., Florence Wilkes, now Florence Fitzpatrick, and Emma Wilkes, now Emma Mathews. Wilkes abandoned his wife and family in 1862, and never supported them or lived with them thereafter. The wife some years after married a man by the name of Howell, with whom she has since lived. The husband married one Nancy E. Francis, and by her had two children, viz., a son Edgar, and a daughter, Emma, now Emma Scott. It seems that in a few years he abandoned his last family also, and came to the state of Washington, where he accumulated an estate in Columbia county worth several thousand dollars, and where he died intestate on the 5th day of July, 1897. One W. E. Cahill was appointed administrator of the estate, and on October 12, 1898, Harriet A. Howell filed her petition, alleging, among other things, that she was the widow of deceased; that Florence Fitzpatrick and Emma Mathews were daughters of herself and deceased, and his heirs at law; and praying that his estate be distributed to herself, as his widow, and her said daughters as his heirs at law. On the same day Florence Fitzpatrick filed her petition, alleging, in substance, the same as the petition of her mother. On the 16th of November of the same year Emma Scott filed a petition alleging that she was the daughter of the deceased; that Edgar Wilkes was a son of the deceased, and that Emma Mathews was a daughter of the deceased, and that these children were all the children and heirs at law of the deceased; denying that Florence Fitzpatrick was a daughter of the deceased, and that Harriet A. Howell was the widow of the deceased; and praying that the estate be distributed to herself, Edgar Wilkes, and Emma Mathews. Shortly after this a stipulation was filed to the effect

that the estate should be distributed, one-half to Harriet A. Howell, and one-eighth to each of the other petitioners, viz., Florence Fitzpatrick, Edgar Wilkes, Emma Scott, and Emma Mathews. The proceedings were continued from time to time for nearly two years, when, upon the pleadings and testimony introduced, the court awarded the estate one-half to Harriet A. Howell, and the other half equally to Florence Fitzpatrick, Edgar Wilkes, Emma Scott, and Emma Mathews. Emma Mathews appeals from the judgment of the court finding that Edgar Wilkes and Emma Scott were heirs at law to the estate, and Emma Scott, Edgar Wilkes, Florence Fitzpatrick, and Harriet A. Howell appeal from the judgment of the court holding that $1,040, which had been advanced to Emma Mathews, was not a claim of the estate against Emma Mathews, but was a gift from the deceased to the said Emma Mathews.

It is contended by the appellant Emma Mathews that Edgar Wilkes and Emma Scott are illegitimate children of the deceased, and therefore cannot heir any portion of his estate; that the deceased was never divorced from his first wife, Harriet A. Howell; and that his marriage, if there was one, with his second wife, Nancy E. Francis, was illegal and void. It would not benefit any one to enter into an analysis or discussion of the testimony, which is comprised largely of criminations and recriminations of contending relatives. We think the court was justified in concluding that Emma Mathews was estopped from raising the questions that she raises here. In the first place, while not a party to the stipulation mentioned above, she was represented in court, and raised no objection to the stipulation upon which the court and all the other parties were acting and had been resting for nearly two years. Again, her principal contention as to the illegitimacy of Edgar Wilkes and Emma Scott is based upon the fact that her

father had never been divorced from her mother, Harriet
A. Howell, and yet, on the second day of April, 1900,
appearing by her attorney in fact, Frank P. Humston, she
files a petition denying that her mother, Harriet A. Howell,
is the widow of the deceased, or entitled to any interest in
the estate, and denying that Florence Fitzpatrick, her
sister, is a daughter or heir at law of the deceased, or
entitled to heir in the estate, and prays that neither Harriet
A. Howell, Florence Fitzpatrick, Edgar Wilkes, nor Emma
Scott receive or have distributed to them any share or
interest in the estate. On the same day, appearing by attor-
ney, Will H. Fouts, she alleges that Florence Fitzpatrick
is a legitimate daughter of the deceased, and alleges posi-
tively that since the birth of Florence Fitzpatrick and
herself the said Thomas A. Wilkes and his wife, Harriet
A. Howell, were duly divorced by the circuit court of Cook
county, Illinois, a court having jurisdiction to grant
divorces, and asking that the estate be distributed to her-
self and her sister, Florence Fitzpatrick, equally. Con-
sidering the contradictory statements made by the peti-
tioner, and the fact that she alleges—doubtless for the pur-
pose of preventing her mother from heiring any portion of
the estate—that her mother and father were divorced, we
think she ought to be estopped from raising these ques-
tions. In addition to this, there was some slight testimony
tending to show a divorce of the decedent from his first
wife, who evidently acted upon the theory that he was
divorced when she married the second time; and, if she
did not, she was informed afterwards by the decedent of
his conjugal relations with his second wife. We think
there was sufficient testimony shown by the record, consid-
ering the testimony and the petition which was a pleading
in the case, to warrant the court who tried the cause in
coming to the conclusions which it did in the distribution

of the estate. We think also that the court properly found that the $1,040 had been advanced as a gift by the deceased to his daughter Emma Mathews.

No appeal is taken from the judgment in favor of Harriet A. Howell, and no claim was presented by the second wife.

Under the pleadings and proof, the judgment is affirmed.

REAVIS, C. J., and FULLERTON, ANDERS, MOUNT, HADLEY and WHITE, JJ., concur.